Filed 5/31/22  Ressler v. Piontak CA2/8

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| JAMES RESSLER et al., | B312694 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 21STCV04261) |
| v. | |
| LENNY PIONTAK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Benice Law and Jeffrey S. Benice for Plaintiffs and Appellants.

Buchalter, Robert M. Dato and Russell L. Allyn for Defendants and Respondents.

_____

This appeal is from the judgment entered after the sustaining of an unopposed demurrer to the complaint. Plaintiffs James Ressler and Lauren Karp, and defendant Lenny Piontak were shareholders of a corporation, Luxe West, Inc. Defendant Michelle Sivertsen is Mr. Piontak's daughter and was employed by the business. Plaintiffs sued defendants, alleging they plundered business assets and failed to pay taxes. Defendants demurred, arguing plaintiffs lacked standing to make derivative claims belonging to the corporation, among other arguments. Plaintiffs did not oppose the demurrer, but filed a first amended complaint *after* the deadline to file their opposition to the demurrer. The trial court rejected the untimely first amended complaint for filing and sustained the unopposed demurrer without leave to amend. We affirm.

## FACTS

On June 2, 2020, plaintiffs filed their complaint against defendants, alleging causes of action for breach of fiduciary duty, accounting, declaratory relief, and indemnity. Plaintiffs alleged Mr. Piontak invested in Luxe West, Inc., in exchange for a 33 1/3 percent share of the business. Mr. Piontak hired his daughter, Ms. Sivertsen, to work as the corporation's controller and director of operations. Defendants allegedly plundered the business, sold all of its inventory, and failed to pay more than $400,000 in payroll taxes, for which plaintiffs allege they are liable as shareholders of the business. Plaintiffs did not allege they had caused the taxes to be paid, or that any enforcement action had been taken against them.

On March 8, 2021, defendants demurred, arguing plaintiffs lacked standing to make derivative claims belonging to the corporation. Defendants also argued plaintiffs were judicially

estopped from asserting their claims because plaintiffs did not disclose the claims in their bankruptcy. Defendants further argued they could not be liable for breach of fiduciary duty because they were not corporate officers, and any claim regarding taxes was not ripe, because the taxes had not been paid. The demurrer was calendared for hearing on April 9, 2021.

Plaintiffs did not oppose the demurrer. Instead, they tried to file a first amended complaint on March 29, 2021, eight court days before the hearing on the demurrer. The first amended complaint included new allegations that Mr. Piontak was an officer of the corporation, and signed documents as its chief financial officer.

On March 30, 2021, the trial court entered a minute order rejecting the first amended complaint for filing, finding it was untimely. At the hearing on the demurrer, the trial court sustained the demurrer without leave to amend, finding the demurrer was "well taken" and "unopposed" and that the court had rejected the first amended complaint for filing because it was untimely. The court entered a judgment of dismissal that same day. Plaintiffs timely appealed.

## DISCUSSION

Plaintiffs acknowledge their first amended complaint was filed late. (Code Civ. Proc., §§ 472 ["A party may amend its pleading once without leave of the court . . . after a demurrer . . . is filed but before the demurrer . . . is heard if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer . . . "]; 1005 [motion opposition papers are due nine court days before the hearing].) However, they argue the trial court erred when it rejected the first amended complaint for filing, based on their faulty reasoning that California Rules of

3

Court, rule 3.1300, which relates to the filing and service of *motion papers*, provides that "[n]o paper may be rejected for filing on the ground that it was untimely submitted for filing. If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate." (Rule 3.1300(d).) Plaintiffs also argue the court prejudicially erred by failing to state in its minute order that it was exercising its discretion to not consider the late-filed amended complaint. We are not persuaded.

Rule 3.1300 is in title 3, division 11 of the California Rules of Court, which relates to *law and motion* matters in civil proceedings. This rule clearly does not divest a court of its inherent authority to reject a late-filed amended *pleading*. (*Loser v. E. R. Bacon Co.* (1962) 201 Cal.App.2d 387, 390 ["[a] court may, by virtue of its inherent power to prevent abuse of its processes, strike an amended complaint which is filed in disregard of established procedural processes"].)

Plaintiffs also argue the court abused its discretion by not granting leave to amend, claiming the amended pleading corrected the deficiencies in the original complaint. "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44, citations omitted.)

The demurrer correctly asserted plaintiffs' claims belonged to the corporation and not to plaintiffs. (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1108 ["Because a corporation exists as a separate legal entity, the shareholders have no direct cause of action or right of recovery against those who have harmed it."]; *Oakland*

4

*Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 651 [breach of fiduciary duty claim for corporate mismanagement and diverting corporate assets was derivative].)  Plaintiffs' appellate brief does not discuss any facts to support the possibility of amendment or legal theories supporting the viability of new causes of action.

Defendants point out that, when the court rejected for filing the first amended complaint, there were still several days before the hearing on the demurrer during which plaintiffs could have asked the court for permission to file a late opposition to the demurrer or an amended complaint, or asked defendants to stipulate to more time.  Having failed to comply with available procedures, plaintiffs have not demonstrated the court abused its discretion.

## DISPOSITION

The judgment is affirmed.  Respondents may recover their costs on appeal.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.




WILEY, J.



5